UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NAOMI M. RENZONI

                Plaintiff,

vs.

FINGER LAKES DEVELOPMENTAL
DISABILITIES SERVICE OFFICE

                Defendant.

**COMPLAINT**
Civ. No.:

Jury Trial Demanded

---

### PRELIMINARY INTRODUCTION

1. This action is brought by the Plaintiff NAOMI M. RENZONI ("Plaintiff") of a protected class pursuant to 29 U.S.C. Section 621 *et seq*, the Age Discrimination in Employment Act ( hereinafter "ADEA") as amended ( covers ages 40 years of age or older in employment) and retaliation in violation of the ADEA, and the New York State Human Rights Law, Executive Law § 290 *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is specifically invoked pursuant to the aforementioned statutes, as well as 28 U.S.C. §§1331, 1334,1343 (4) and 29 U.S.C. § 621, *et seq*.

3. Venue properly lies in the Western District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132 (e)(2), because the claim arose in this judicial district, the defendant is doing business through a division in this District, and Plaintiff is a resident of this district.

4. Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 24th, 2009, May 29, 2009, and again on October 28th, 2009 alleging that she was subject to age discrimination.

5. A Notice of Right to Sue was issued to Plaintiff by the EEOC. Less than ninety (90) days have elapsed since the Plaintiffs receipt of that notice and the subsequent filing of the original complaint in this matter.

## PARTIES

6. Plaintiff is a resident of Rochester, New York and is over the age forty (40); Plaintiff's date of birth is October 31st, 1960.

7. Upon information and belief, the Defendant is a business corporation organized and existing under the laws of the State of New York, with its principal office located in Rochester, New York.

## FACTS

8. Plaintiff's date of birth is October 31, 1960.

9. Plaintiff has been employed by the respondent since the year 2000 as a "Developmental Aide and a Developmental Assistant 1" and enjoyed many good evaluations regarding my work performance and conduct, and was promoted as a result thereof.

10. Plaintiff was one of the oldest employees in her department.

11. Within the past two years, Plaintiff was placed under new supervision by a younger supervisor, and since that time, she has been targeted for disparate treatment in the workplace.

12. For instance, under her new supervisor, Plaintiff received, on some occasions, 3 write ups in one day for petty offenses for which no other similarly situated person is written up for in an attempt to "file build" a case for Plaintiff's termination.

13. These actions were taken against Plaintiff despite the fact that she is a long term employee with an otherwise solid work history.

14. Plaintiff was thereafter placed on administrative leave, indefinitely, for reasons unknown, as of March 17, 2009.

15. On March 24th, 2009, Plaintiff filed a charge of discrimination with the EEOC.

16. On Friday, July 17, 2009, Plaintiff placed a telephone call to her employer (as required every weekday morning).

17. Plaintiff spoke with Edna Johnson, Investigations who told Plaintiff to report to Finger Lakes DDSO at 11:00 a.m.

18. Plaintiff arrived to receive a Notice from my employer (Attached) stating their Intent to Suspend Plaintiff (<u>without pay</u>) pending disciplinary action.

19. Plaintiff secured an appointment with Mr. Wallace, Director of Human Resources, at 9:00 a.m. on Monday, July 20, 2009.

20. Plaintiff was required to submit to this meeting despite her Union having noticed a formal hearing on set for on or about the middle of August, 2009 with Finger Lakes DDSO.

21. On Monday, July 20, 2009, Plaintiff appeared at Finger Lakes DDSO and met with the Director of Human Resources to provide a rebuttal.

22. Plaintiff told her story about how she believed in good faith that she was brought up on abuse charges that have never been substantiated and for which younger, similarly situated employees have engaged in but have not been disciplined as Plaintiff was.

23. Mr. Wallace stated that he would submit Plaintiff's rebuttal to the Director of the FLDDSO.

24. Plaintiff was directed by Human Resources to: (1) continue to call in on administrative leave; and (2) her case *should* be decided by the end of the week, wherein she will be given a Notice of Discipline and can be charged a fine; or (3) be put on leave <u>without pay</u>; or (4) will be heard at mediation in the middle of August with her CSEA agent.

25. On October 19th, 2009, Plaintiff was informed that she was terminated.

26. Defendant had no legitimate reason to terminate Plaintiff, and any reasons proffered as "legitimate" are pretextual as a matter of law.

### FIRST CAUSE OF ACTION

Age Discrimination in Violation of the ADEA

27. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

28. The employment practices of defendant described above harm older employees of the defendant and favor younger employees. The practices so described are not based upon a reasonable factor other than age.

29. Defendant has purposefully engaged in age discriminatory practices with the full knowledge that in so doing it was discriminating against its older employees, without regard for the rights of those employees under the ADEA.

30. Defendant subjected Plaintiff to discipline in her employment on account of his age, while substantially younger and similarly situated employees were not disciplined, culminating in her termination, and thereby violated her right to equal employment opportunity as protected by the ADEA

31. As such, Plaintiff is entitled to liquidated damages under the ADEA

## SECOND CAUSE OF ACTION

Retaliation Under the ADEA

32. Plaintiff repeats and re-alleges by reference each and every allegations contained in the above stated paragraphs and incorporates the same as though fully set forth herein.

33. Defendants engaged in a pattern of illegal retaliation in violation of the ADEA. Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on March 24th, 2009, May 29, 2009 ; thereafter, she was terminated by defendant effective October 14th, 2009.  Defendant had no legitimate business reason for any such act; there was no reason to terminate Plaintiff for a second time.

34. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial.

35. As a further and proximate result of defendant's violations of the ADEA, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendants and each of them, and has thereby incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. Accordingly, Plaintiff requests that attorney fees be awarded.

36. Defendants conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts were performed with the knowledge of an employers' economic power over its employees. Defendant ratified the unlawful conduct of its employees in this action. Consequently, Plaintiff is entitled to exemplary damages from all defendants.

## THIRD CAUSE OF ACTION

Age Discrimination in Violation of the New York State Human Rights Law, Executive Law, § 290

37. Plaintiff repeats and re-alleges by reference each and every allegation contained in the above stated paragraphs, and incorporates the sane herein as though fully set forth.

38. Defendant, through its agents, engaged in a pattern of unlawful age discrimination based on age in that Plaintiff was subject to discipline, while other substantially younger employees were not for more serious violations, all of which culminated in Plaintiff's termination, in violation of the New York State Human Rights Law, (hereinafter referred to as "NYSHRL"), Executive Sections 290 et seq. This claim does not raise a novel or complex issue of law.

39. Defendant at all times relevant herein had actual and constructive knowledge of the conduct described above.

40. As a result of the discrimination perpetrated and maintained by defendant and to Plaintiff, and their failure to protect the Plaintiff from discrimination, Plaintiff suffers emotional distress.

41. Defendant violated the NYSHRL by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of the defendant as described above.

42. Defendant failed to comply with their duty to take all reasonable and necessary steps to eliminate age discrimination from the workplace and to prevent it from occurring in the future.

43. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and mental anguish and emotional anguish and emotional anguish and emotional distress, and she has suffered and will continue to suffer a loss earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## FOURTH CAUSE OF ACTION

### Retaliation in Violation of the New York State Human Rights Law, Executive Law, § 290

44. Plaintiff repeats and re-alleges by reference each and every allegations contained in the above stated paragraphs and incorporates the same as though fully set forth herein.

45. Defendants, and each of them, engaged in a pattern of illegal retaliation in violation of New York State Human Rights Law, Executive Law Section 290 et seq. by terminating plaintiff after she engaged in protected activity under the law. Defendant had no legitimate business reason for any such act; there was no reason to terminate Plaintiff.

46. As a direct and proximate result of defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial.

47. Defendants conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts were performed with the knowledge of an employers' economic power over its employees. Defendant ratified the unlawful conduct of its employees in this action. Consequently, Plaintiff is entitled to damages from all defendants.

**WHEREFORE,** Plaintiffs respectfully request the Court to enter judgment as to each cause of action.

DATED:   November 9, 2009
         Rochester, New York

*CHRISTINA A. AGOLA, PLLC*

/s/ Christina A. Agola , Esq.

Christina A. Agola, Esq.

Attorney for Plaintiff
2100 First Federal Plaza
28 East Main Street
Rochester, New York 14614
(O) 585.262.3320
(F) 585.262.3325
cagola@agolalaw.com